IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANITA NAVES, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-18-3974 |
| STATE OF MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss Complaint ("Motion") filed by the Defendant State of Maryland ("State"). ECF No. 46. Having considered the submissions of the parties (ECF Nos. 46, 49 & 50), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted as to Counts I and II of the Amended Complaint. The Motion will be held *sub curia* as to Count III.

**I.     INTRODUCTION**

Plaintiff Anita Naves ("Ms. Naves") brings this action against the State alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; Title VI of the Civil Rights of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e *et seq.* ECF No. 36. In its Motion, the State moves to dismiss Ms. Naves' claim for discrimination in violation of the ADA (Count I) on the basis of Eleventh Amendment immunity. The State moves to dismiss Ms. Naves' retaliation claim (Count II) for failure to state a claim upon which relief can be granted.

## II. BACKGROUND

The following facts are derived from the Amended Complaint (ECF No. 36). In April 2013, Ms. Naves was hired by the Prince George's County Department of Social Services ("DSS")[1] to work in data entry. *Id.* ¶ 8. In November 2013, Ms. Naves sustained an injury outside of her employment that left her in chronic pain. *Id.* ¶ 13. The pain that Ms. Naves suffered affected her ability to handle large workloads. *Id.* ¶ 13-15. In August 2014, Ms. Naves requested reassignment to a position "less technical and more service oriented." *Id.* ¶¶ 16-17. DSS reassigned Ms. Naves to the Adult and Family Services unit as a Family Investment Specialist as an accommodation. *Id.* ¶¶ 19-22. In this position, Ms. Naves "worked with limited data entry." *Id.* Approximately two and a half years later, Ms. Naves was reassigned to a number of other positions, all for a short time, including the Youth Works program at the Prince George's County Community College, community outreach work at DSS, and customer service at the Temple Hills location of DSS. *Id.* ¶¶ 23-27. Sometime around January 2017, Ms. Naves' "medical professionals" recommended that she be provided an "ergonomic chair." *Id.* ¶ 29. Ms. Naves informed DSS of this recommendation and her request was apparently accommodated. *Id.* ¶¶ 29-30.

Sometime in mid-2017, Ms. Naves was "taken out of the Critical Customer Service position and put in the most demanding and challenging form of Case Management." *Id.* ¶ 32. In this position, Ms. Naves was required to have her arm "extended for hours in the same position." *Id.* ¶¶ 32-33. This aggravated Ms. Naves' pain. *Id.* ¶ 34. Ms. Naves complained the new position "was

---

[1] Under Md. Code, St. Gov't § 12-101, an employee of a county who is assigned to a local department of social services is considered "State personnel." And the Prince George's County Department of Social services is itself a state agency, even though Md. Code, Hum. Serv. § 3-201 requires it to be "referred to as the department of social services preceded by the name of the county." *Keller v. Prince George's Cty.*, 923 F.2d 30, 32 (4th Cir. 1991) (holding that the Prince George's County Department of Social Services is a "state agency").

not in accord with her needed accommodations" but her complaints were ignored. *Id.* ¶ 35. At some unspecified time, Ms. Naves' supervisor "wrote the Plaintiff up and stated that she could not do the imposed work," and told her that she could no longer have the accommodations that had been provided to her previously *Id.* ¶¶ 36-37. At some point later in 2017, Ms. Naves again requested accommodations for her pain and was told that she would not be reassigned, but that DSS would provide her with text-to-speech software and an ergonomic desk. *Id.* ¶¶ 41-42. DSS did not provide her with these proposed accommodations or an ergonomic chair in her new position. *Id.* ¶¶ 43-44. Ms. Naves also alleges that she was assigned an arbitrary minimum number of cases to work on each day, and that she was not offered any special breaks as an accommodation for her pain. *Id.* ¶¶ 47-49.

In January 2018, Ms. Naves received a negative performance evaluation.[2] She filed a grievance and the rating in the evaluation was changed in her favor. *Id.* ¶¶ 50-51. Ms. Naves alleges that DSS then "engaged in attempted defamation and/or misrepresentation of the quality of [her] performance in retaliation of her insistence" on accommodations for her pain. *Id.* ¶ 52. Ms. Naves characterizes her workplace at the time as a "hostile environment." *Id.* ¶ 53. DSS terminated Ms. Naves on July 24, 2018.

On May 18, 2018, Ms. Naves filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 4. The EEOC issued a letter notifying Ms. Naves of her right to sue on September 28, 2018. *Id.* ¶ 5. Ms. Naves filed her original Complaint on December 26, 2018 (ECF No. 1) against "Prince George's County, Maryland." The Court granted the motion to dismiss filed by Prince George's County pursuant to Fed. R. Civ. P. 12(b)(6)

---

[2] The Amended Complaint states that Ms. Naves received the negative evaluation in January 2017 from Ms. Brooks. The Court assumes this is an inadvertent misstatement of the timeline of events because Ms. Brooks was not Ms. Naves' supervisor in January 2017.

because Ms. Naves had not been employed by Prince George's County and she had no valid claim against it. ECF No. 35. The Court granted Ms. Naves leave to amend her complaint to name the proper defendant, the State of Maryland. *Id.* She filed the Amended Complaint (ECF No. 36) on November 4, 2019.

After filing the Amended Complaint, in which she raised claims for the first time against the State, Ms. Naves filed another EEOC Charge. This Charge, dated November 8, 2019, and assigned Charge No. 570-2019-02384, alleges that Ms. Naves' employer[3] discriminated against her from January 1, 2017, to August 24, 2018. ECF No. 49-1 at 4. Ms. Naves alleges that she was discriminated against on the basis of her disability. *Id.* She also alleges that after she requested accommodations for her disability, she was "harassed by management" and "in retaliation" was discharged on August 24, 2018.[4] *Id.*

On November 18, 2019, Ms. Naves filed another EEOC Charge. ECF No. 38 at 3. This Charge, dated November 18, 2019, and assigned Charge No. 570-2018-01950, alleges that Ms. Naves' employer[5] discriminated against her from November 20, 2013, to April 25, 2018. *Id.* Ms. Naves alleges that she was discriminated against on the basis of her disability and that her employer retaliated against her. *Id.* Although it is unclear why, the Charge also describes the discrimination as a continuing action. *Id.* Ms. Naves alleges that after she requested accommodations for her disability, she was harassed. She also alleges that she was retaliated against for engaging in protected activity, in violation of the ADA. *Id.*

---

[3] In this Charge, Ms. Naves identifies her employer as the Prince George's County Department of Human Services and the Maryland Department of Human Services. ECF No. 49-1 at 4.
[4] In the Amended Complaint, Ms. Naves alleges that she was terminated on a different date, July 24, 2018. ECF No. 36 ¶ 53.
[5] In this Charge, Ms. Naves identifies her employer as "PG County Government" and the Office of the Maryland Attorney General. ECF No. 38 at 3.

The EEOC issued Notices to Ms. Naves of her right to sue on January 10, 2020, for Charge Nos. 570-2019-02384 and 570-2018-01950. ECF No. 39.

### III.   ANALYSIS

The State moves to dismiss Counts I and II of the Amended Complaint. ECF No. 46. As to Ms. Naves' ADA claim in Count I, the State argues that dismissal is warranted because of the State's Eleventh Amendment immunity. ECF No. 46-1 at 4-6. As to Ms. Naves' retaliation claim in Count II, the State argues that dismissal is warranted because the claim is untimely. *Id.* at 6-7.

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *Richardson v. Mayor & City Council of Baltimore*, No. RDB-13-1924, 2014 WL 60211, at *2 (D. Md. Jan. 7, 2014). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (noting challenge may be either facial, i.e., complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, i.e., jurisdictional allegations of complaint are not true).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a

complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

### A.     Count I – ADA Claim

In Count I of the Amended Complaint, Ms. Naves asserts an ADA discrimination claim against the State. ECF No. 36 ¶¶ 54-57. The State argues that it is immune from such a claim under the Eleventh Amendment. ECF No. 46 at 1. Courts in this district have considered motions to dismiss based on Eleventh Amendment immunity under Fed. R. Civ. P. 12(b)(1). *See Gross v. Morgan State Univ.*, 308 F. Supp. 3d 861, 865 (D. Md. 2018) ("Despite the lack of clarity as to which subpart of Rule 12 is the correct basis for analyzing a claim of Eleventh Amendment immunity, this Court has favored analysis under Rule 12(b)(1) because, while the Eleventh Amendment cannot be considered a "true limit" on this Court's subject-matter jurisdiction, it nevertheless functions as 'a block on the exercise of that jurisdiction[.]'") (quoting *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995)).

In general, the Eleventh Amendment bars suits by citizens against their own state, including suits such as the one here: a suit by a citizen of the State of Maryland which "is in essence one for the recovery of money from the state." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)

(quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). "The only relevant exceptions to this general immunity are when the state has consented to suit, or when Congress has abrogated the immunity." *Evans v. Maryland State Highway Admin.*, No. JKB-18-935, 2018 WL 4733159, at *5 (D. Md. Oct. 2, 2018) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Exp. Bd.*, 527 U.S. 666, 670 (1999)).

"Congress did not validly abrogate sovereign immunity with respect to employment discrimination claims for money damages under Title I of the ADA." *Evans*, 2018 WL 4733159, at *5 (citing *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-74 (2001)). And Maryland has not waived its immunity from such claims in federal court. *See McCray v. Md. Dep't of Transp., et al.*, 741 F.3d 480, 483 (4th Cir. 2014); *see also Gross*, 308 F. Supp. 3d at 865; *Charles Mattison, Jr. v. Md. Transit. Admin., et al.*, Civ. No. RDB-15-1627, 2016 WL 2898020, at *5 (D. Md. May 18, 2016).

Because the State has Eleventh Amendment immunity from ADA claims like the one asserted by Ms. Naves in Count I, Ms. Naves' ADA claim is dismissed pursuant to Rule 12(b)(1).

**B.    Count II - Retaliation**

In Count II of the Amended Complaint, Ms. Naves alleges that the Board of Education of Prince George's County "committed adverse acts against the Plaintiff after she sought out accommodations for her disability." ECF No. 36 at 7. Because Ms. Naves has not named the Board of Education of Prince George's County as a defendant in this case, her claim in Count II will be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). There is no dispute that the State and the Board of Education of Prince George's County are separate entities. And Ms. Naves concedes that she did not intend to sue the Board of Education of Prince George's County. ECF No. 49 at 3.

In her response to the Motion, Ms. Naves argues that she intended to assert the retaliation claim in Count II against the State. *Id.* at 3. However, "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Royster v. Gahler*, 154 F. Supp. 3d 206, 236 (D. Md. 2015) (internal quotation marks omitted). Construing Ms. Naves' response to the Motion as a request for leave to file a second amended complaint, the request will be denied because any such amendment would be futile.[6]

Before filing a lawsuit in federal court, Title VII requires a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC. *See* 42 U.S.C.A. § 2000e–5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice," but "the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Jones*, 551 F.3d at 300 (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). In Maryland, a deferral state, a claim of discrimination under Title VII must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001).

If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has 90 days from receiving his or her notice of dismissal and right to sue letter to file in action in court. 42 U.S.C. § 2000e-5(f)(1). "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587,

---

[6] As the State has done, the Court will assume that Ms. Naves intended to assert her claim for retaliation in Count II (1) against the State, not the Board of Education of Prince George's County; and (2) under Title VII of the Civil Rights Act, not Title VI.

597 (D. Md.), *aff'd*, 230 F.3d 1354 (4th Cir. 2000) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

A plaintiff's EEOC charge "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.*

In this case, the only EEOC Charge that Ms. Naves filed before she instituted this lawsuit was the Charge referenced in the Amended Complaint.[7] *See* ECF No. 36 ¶ 4. According to the Amended Complaint, Ms. Naves filed this Charge on May 18, 2018, and the EEOC issued its right to sue letter on September 28, 2018. *Id.* ¶ 5. The Amended Complaint was not filed until November 4, 2019, which is well beyond the 90-day time limit under 42 U.S.C. § 2000e-5(f)(1).

It is of no moment that Ms. Naves' original Complaint (ECF No. 1) was filed on December 26, 2018. That Complaint did not name the State as a defendant. And the EEOC Charges that Ms. Naves filed on November 8, 2019, and November 18, 2019, were both submitted to the EEOC after the Amended Complaint had been filed. Title VII requires a plaintiff to exhaust their administrative remedies by filing a charge with the EEOC *before* filing a lawsuit in federal court. *See Sydnor*, 681 F.3d at 592; *see also Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019). "Requiring

---

[7] Neither of the parties have submitted a copy of the EEOC Charge that Ms. Naves filed on May 18, 2018.

exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "By avoiding the 'premature interruption of the administrative process,' exhaustion requirements ensure that agencies are provided the first opportunity to 'exercise [ ] discretion' or "apply [ ] expertise." *McKart v. United States*, 395 U.S. 185 (1969). The waiting period serves these purposes by ensuring that the employer is "put on notice of the alleged violations" to facilitate out-of-court resolution, and it "permits sufficient, but finite, time for the agency to address the discrimination charges in the first instance." *Stewart*, 912 F.3d at 699 (internal quotation marks omitted). Because Ms. Naves' retaliation claim is untimely, any further amendment would be futile.[8]

## C. Count III – Hostile Work Environment

Although its Motion seeks to dismiss Ms. Naves' entire Amended Complaint, *see* ECF No. 46 at 1, the State did not address Ms. Naves' claim in Count III for hostile work environment under Title VII. *See* ECF No. 36 at 8. It appears to the Court that this claim must also be dismissed as untimely under 42 U.S.C. § 2000e-5(f)(1). Because Ms. Naves has not had an opportunity to address whether dismissal of Count III is appropriate, the Court will provide her the chance to do so. On or before **January 8, 2021**, Ms. Naves shall show cause why Count III of the Amended Complaint should not be dismissed for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). The State may respond to any argument that Ms. Naves makes within two weeks of the date it is filed.

---

[8] Furthermore, both of the November 2019 Charges concern events that preceded the Charges by more than 300 days, rendering the Charges themselves untimely. *See R&R Ventures*, 244 F.3d at 338 n.1 ("In Maryland, a deferral state, a claim of discrimination under Title VII . . . must be filed with the EEOC within 300 days of the alleged discriminatory action.").

## IV.  CONCLUSION

The State's Motion (ECF No. 46) is **GRANTED** as to Counts I and II of the Amended Complaint. The Court will address whether Count III should also be dismissed after Ms. Naves has had the opportunity to respond.

A separate Order follows.

December 23, 2020
Date

/s/
Timothy J. Sullivan
United States Magistrate Judge