IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANITA NAVES,                                           *

    Plaintiff,                                         *

v.                                                     *          Case No. TJS-18-3974

STATE OF MARYLAND,                                     *

    Defendant.                                        *

              *      *      *      *      *      *

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss Complaint ("Motion") filed by the defendant, the State of Maryland ("State"). ECF No. 46. On December 23, 2020, the Court entered a Memorandum Opinion and Order granting the Motion as to Counts I and II of the Amended Complaint. ECF Nos. 51 & 52. Because the Motion did not address Count III, and because it appeared to the Court that Count III was also subject to dismissal, the Court ordered Plaintiff Anita Naves ("Ms. Naves") to show cause why Count III should not be dismissed for failure to state a claim upon which relief can be granted. Having considered Ms. Naves's response to the show cause order (ECF No. 53), as well as the response of the State (ECF No. 55), the Court will now grant the Motion as to Count III.

**I.      INTRODUCTION**

The Court discussed the background information of this case in its previous Memorandum Opinion. ECF No. 51. In short, Ms. Naves brought this action against the State alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; Title VI of the Civil Rights of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*; and Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e *et seq.* ECF No. 36. The Court previously dismissed Count I of the Amended Complaint on the basis of Eleventh Amendment immunity. The Court dismissed Count II for failure to state a claim upon which relief can be granted, and Count III must now be dismissed for the same reason.

Ms. Naves was previously employed by the Prince George's County Department of Social Services ("DSS"), an agency of the State of Maryland. ECF No. 36 ¶ 8. She was terminated on July 24, 2018. *Id.* ¶ 53. Prior to her termination, on May 18, 2018, Ms. Naves filed a charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 4. The EEOC issued a letter notifying Ms. Naves of her right to sue on September 28, 2018. *Id.* ¶ 5. Ms. Naves filed her original Complaint on December 26, 2018 (ECF No. 1) against "Prince George's County, Maryland," which the Court dismissed because Ms. Naves did not have a valid claim against Prince George's County. ECF No. 35. The Court granted Ms. Naves leave to amend her complaint to name the proper defendant, the State of Maryland. *Id.* She filed the Amended Complaint (ECF No. 36) on November 4, 2019.

After filing the Amended Complaint, in which she raised claims for the first time against the State, Ms. Naves filed another EEOC charge. This charge, dated November 8, 2019, and assigned Charge No. 570-2019-02384, alleges that Ms. Naves' employer[1] discriminated against her from January 1, 2017, to August 24, 2018. ECF No. 49-1 at 4. Ms. Naves alleges that she was discriminated against on the basis of her disability. *Id.* She also alleges that after she requested

---

[1] In this charge, Ms. Naves identifies her employer as the Prince George's County Department of Human Services and the Maryland Department of Human Services. ECF No. 49-1 at 4.

accommodations for her disability, she was "harassed by management" and "in retaliation" was discharged on August 24, 2018.[2] *Id.*

On November 18, 2019, Ms. Naves filed another EEOC charge. ECF No. 38 at 3. This charge, assigned Charge No. 570-2018-01950, alleges that Ms. Naves's employer[3] discriminated against her from November 20, 2013, to April 25, 2018. *Id.* Ms. Naves alleges that she was discriminated against on the basis of her disability and that her employer retaliated against her. *Id.* Although it is unclear why, the charge also describes the discrimination as a continuing action. *Id.* Ms. Naves alleges that after she requested accommodations for her disability, she was harassed. She also alleges that she was retaliated against for engaging in protected activity, in violation of the ADA. *Id.*

The EEOC issued Notices to Ms. Naves of her right to sue on January 10, 2020, for Charge Nos. 570-2019-02384 and 570-2018-01950. ECF No. 39.

## II.    ANALYSIS

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's

---

[2] In the Amended Complaint, Ms. Naves alleges that she was terminated on a different date, July 24, 2018. ECF No. 36 ¶ 53.

[3] In this charge, Ms. Naves identifies her employer as "PG County Government" and the Office of the Maryland Attorney General. ECF No. 38 at 3.

elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In Count III of the Amended Complaint, Ms. Naves alleges that the State is liable for subjecting her to a hostile work environment. ECF No. 36 ¶¶ 61-65. Ms. Naves alleges that the State "afforded its agents the opportunity to perpetuate discrimination based on her disability against the Plaintiff that adversely affected the Plaintiff's maintenance and/or progression of her job," that the State subjected her to a work environment "that was discriminatorily hostile and abusive," and that she suffered damages as a result. *Id.*

Before filing a lawsuit in federal court, Title VII requires a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC. *See* 42 U.S.C.A. § 2000e–5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice," but "the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Jones*, 551 F.3d at 300 (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). In Maryland, a deferral state, a claim of discrimination under Title VII must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001).

If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has 90 days from receiving his or her notice of dismissal and right to sue letter to file in action in

court. 42 U.S.C. § 2000e-5(f)(1). "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md.), *aff'd*, 230 F.3d 1354 (4th Cir. 2000) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

A plaintiff's EEOC charge "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.*

In this case, the only EEOC charge that Ms. Naves filed before she instituted this lawsuit was the charge referenced in the Amended Complaint.[4] *See* ECF No. 36 ¶ 4. According to the Amended Complaint, Ms. Naves filed this charge on May 18, 2018, and the EEOC issued its right to sue letter on September 28, 2018. *Id.* ¶ 5. The Amended Complaint was not filed until November 4, 2019, which is well beyond the 90-day time limit under 42 U.S.C. § 2000e-5(f)(1).

It is of no moment that Ms. Naves' original Complaint (ECF No. 1) was filed on December 26, 2018. That Complaint did not name the State as a defendant. And the EEOC charges that Ms. Naves filed on November 8, 2019, and November 18, 2019, were both submitted to the EEOC after the Amended Complaint had been filed. Title VII requires a plaintiff to exhaust their

---

[4] Neither of the parties have submitted a copy of the EEOC charge that Ms. Naves filed on May 18, 2018.

administrative remedies by filing a charge with the EEOC *before* filing a lawsuit in federal court. *See Sydnor*, 681 F.3d at 592; *see also Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019). "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "By avoiding the 'premature interruption of the administrative process,' exhaustion requirements ensure that agencies are provided the first opportunity to 'exercise [ ] discretion' or "apply [ ] expertise." *McKart v. United States*, 395 U.S. 185 (1969). The waiting period serves these purposes by ensuring that the employer is "put on notice of the alleged violations" to facilitate out-of-court resolution, and it "permits sufficient, but finite, time for the agency to address the discrimination charges in the first instance." *Stewart*, 912 F.3d at 699 (internal quotation marks omitted).

In response to the show cause order, Ms. Naves seeks leave to file another amended complaint. But any further amendment would be futile. Both of the November 2019 charges concern events that preceded the charges by more than 300 days, rendering the charges themselves untimely. *See R&R Ventures*, 244 F.3d at 338 n.1 ("In Maryland, a deferral state, a claim of discrimination under Title VII . . . must be filed with the EEOC within 300 days of the alleged discriminatory action."). If Ms. Naves filed another amended complaint, it would still be dismissed for untimeliness. For these reasons, Count III of the Amended Complaint will be dismissed.

## III.     CONCLUSION

The State's Motion (ECF No. 46) is **GRANTED** as to Count III of the Amended Complaint. A separate Order follows.

February 26, 2021                                                    /s/
Date                                                    Timothy J. Sullivan
                                                    United States Magistrate Judge